**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LEWIS GILES III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2412** |
| **GM FINANCIAL, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is a motion[1] to stay discovery filed by Defendants AmeriCredit Financial Services, Inc. d/b/a GM Financial, Susan Sheffield, Richard A. Gokenbach, and Gabrielle Keys ("Defendants"). *Pro se* Plaintiff Lewis Giles III previously filed a status report,[2] in which he requested the Court (i) require that Defendants engage in a Rule 26(f) conference, and (ii) enter an order adopting his proposed deadlines for initial disclosures, requests for admission, the close of discovery, and dispositive motions.[3]

In the instant motion, Defendants argue that good cause exists to stay discovery because Plaintiff's complaint—predicated on sovereign citizen legal theories and a contract Defendants never agreed to or signed—is frivolous on its face. Defendants argue their pending motions[4] to dismiss for failure to state a claim and pending motion[5] to dismiss for lack of personal jurisdiction are meritorious. Defendants accordingly request the Court stay discovery until it has ruled on those

---

[1] ECF No. 31.
[2] ECF No. 25.
[3] Defendants opposed that request, ECF No. 29, and filed this motion to stay discovery less than a week later.
[4] ECF Nos. 10 and 19.
[5] ECF No. 19 (filed by Defendants Gokenbach, Keys, and Sheffiel).

motions. The submission date for Defendants' motion to stay discovery passed on June 10, 2026. Plaintiff Lewis Giles III ("Plaintiff") refrained from filing any opposition to the motion to stay discovery. The Court accordingly considers the motion unopposed.[6]

Discovery begins once the parties have undergone the conference required by Rule 26(f). FED. R. CIV. P. 26(d). Rule 26(c) provides that the Court "may, for good cause," protect a party from "undue burden or expense" by issuing an order "forbidding the disclosure or discovery" or "specifying terms, including time . . . for the disclosure or discovery." FED. R. CIV. P. 26(c)(1). The "Court may issue a protective order to stay discovery pending the disposition of a motion to dismiss and or motion for summary judgment when the party seeking such protection proves its necessity." *Whitener v. PLIVA, Inc.*, 2013 WL 6086005, at *3 (E.D. La. Nov. 19, 2013).

The Court finds that Defendants here have demonstrated that good cause exists to stay discovery because the Court's resolution of the pending motions to dismiss has a high likelihood of disposing of the entire action. *See Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) ("The district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'") (citation omitted); *Your Preferred Printer, LLC v. United Wholesale, LLC*, 2012 WL 2190853, at *2 (E.D. La. June 14, 2012) ("Courts in this district are accorded the discretion to stay discovery where the disposition of a motion

---

[6] The Court notes that Plaintiff is proceeding *pro se*. Although the Court construes *pro se* filings liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

to dismiss might preclude the need for the discovery entirely.") (citing *Landry v. Air Line Pilots Ass'n International AFL–CIO,* 901 F.2d 404, 436 (5th Cir.1990)). Additional reasons for finding good cause here include that discovery is not needed to resolve these pending motions to dismiss; there are no impending trial dates or deadlines; and discovery at this stage would result in an unnecessary burden and expense for the parties. *See Davis v. Landrieu,* 2018 WL 10760297, at *2 (E.D. La. Apr. 5, 2018) (granting discovery stay where "there is no indication that the discovery is needed to respond to the Motion to Dismiss"); *Landry,* 901 F.2d at 436 ("[d]iscovery is not justified when cost and inconvenience will be its sole result"). The Court therefore grants Defendants' motion to stay discovery and declines to enter Plaintiff's requested scheduling order.

Accordingly,

**IT IS ORDERED** that Defendants' motion[7] to stay discovery is **GRANTED**. Discovery shall be **STAYED** pending the Court's resolution of Defendants' motions[8] to dismiss.

New Orleans, Louisiana, this 18th day of June, 2026.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[7] ECF No. 31.
[8] ECF Nos. 10 and 19.