**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

LEWIS GILES III                                          CIVIL ACTION

VERSUS                                                   NO. 25- 2412

GM FINANCIAL, ET AL.                                     SECTION "O"

## ORDER AND REASONS

Before the Court are a motion[1] to dismiss for failure to state a claim filed by Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial") and a motion[2] to dismiss for failure to state a claim and for lack of personal jurisdiction filed by Defendants Susan Sheffield, Richard A. Gokenbach, and Gabrielle Keys ("Employee Defendants"). *Pro se* Plaintiff Lewis Giles III opposes[3] the motions. For the reasons that follow, the Court hereby orders that the motions to dismiss are **GRANTED**; the complaint is **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

This litigation arises from Plaintiff Lewis Giles III's allegation that GM Financial breached its contract with Plaintiff when it failed to consummate the sale of an automobile. Plaintiff's allegations are vague, but in essence, Plaintiff appears to claim that on June 18, 2025, Plaintiff received a written offer from Legacy GMC of Laurell LLC ("Legacy GMC") to sell Plaintiff an automobile, followed by a verbal offer from GM Financial "to settle the offer in the amount of 111,015.31."[4] Plaintiff alleges

---

[1] ECF No. 10.
[2] ECF No. 19.
[3] ECF Nos. 21 and 22.
[4] ECF No. 1 at 2.

that he accepted the verbal offer, creating a binding contract, and that GM Financial's refusal to finance the car purchase constitutes a breach of this contract.[5]

Plaintiff attaches to the complaint three documents, which he has labeled pages one through three of the "contract."[6] The first page appears to be Plaintiff's order form for a 2025 GMC Sierra 2500HD Denali Ultimate with a total price of $111,015.31, signed by a representative of Legacy GMC and the plaintiff.[7] There is an undated handwritten note jotted across the document, signed only by Plaintiff and stating Plaintiff's acceptance of "this contract agreement."[8] The second page appears to be the VIN sticker for the vehicle in question.[9] The third page appears to be the result of a credit check noting GM Financial's denial of Plaintiff's credit application.[10] It lists Lewis Giles as the applicant, appears to describe the same vehicle referred to in the offer sheet and VIN sticker, and states "Declined" at the top.[11] Similar to the first page, there is an undated handwritten note jotted across the document in which Plaintiff claims to "accept for value in the amount of 111,015.31 GM Financial offer to contract in settling the offer made by Legacy GMC."[12] The handwritten note also "reject[s] [GM Financial's] decline based in limited credit," stating GM Financial "is

---

[5] The complaint alleges that Legacy GMC of Laurell LLC offered to sell Plaintiff the automobile; yet Plaintiff does not allege breach of contract against Legacy GMC, which is not a named party in this action. *Id.* Rather, Plaintiff's claim appears to be centered on GM Financial's verbal agreement to finance Plaintiff's purchase, which GM Financial purportedly reneged on after running Plaintiff's credit. ECF No. 1-2 at 6-8.

[6] ECF No. 1-2 at 6-8.

[7] *Id.* at 6.

[8] *Id.*

[9] *Id.* at 7.

[10] *Id.* at 8.

[11] *Id.*

[12] *Id.*

2

authorized and ordered to discharge, set off, and settle the offer made by Legacy GMC" for the sale of the car.[13] The handwritten note is signed by Plaintiff but not by anyone else.[14]

Plaintiff has named GM Financial as defendant, along with its employees Susan Sheffield, Richard A. Gokenbach, and Gabrielle Keys.[15] Plaintiff asserts a claim for breach of contract and demands performance and settlement.[16]

The Employee Defendants moved[17] to dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Further, all defendants moved[18] to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Plaintiff failed to allege in his complaint specific facts to support a claim for breach of contract.

In response, Plaintiff did not dispute that the Court lacks personal jurisdiction over Employee Defendants.[19] Rather, Plaintiff maintained that his acceptance of GM Financial's purported verbal offer created a binding contract[20] and clarified that he was suing the Employee Defendants in their official capacities.[21] Defendants did not file any further reply.

---

[13] *Id.*
[14] *Id.*
[15] ECF No. 1 at 2.
[16] *Id.* at 3.
[17] ECF No. 19 (filed by Defendants Sheffield, Gokenbach, and Keys).
[18] ECF Nos. 10 and 19.
[19] ECF No. 22.
[20] ECF No. 21.
[21] ECF No. 22.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), defendants may move to dismiss a plaintiff's claim for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citation and alteration omitted). When the court considers such a motion, the plaintiff "bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The Court must "accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits." *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) (citation omitted). "[T]he plaintiff has the burden to make a *prima facie* showing that personal jurisdiction is proper." *Id.* (citation omitted).

A court may only exercise personal jurisdiction over a defendant if the "forum state's long-arm statute extends to the nonresident defendant and the exercise of jurisdiction comports with due process." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). Because Louisiana's long-arm statute, La. Rev. Stat. § 13:3201, et seq., extends to the limits of the Due Process Clause of the Fourteenth Amendment, the two inquiries collapse into the single question of whether exercising jurisdiction over the defendant comports with due process. *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010).

4

Personal jurisdiction can be general or specific. *Carmona*, 924 F.3d at 193. In evaluating whether due process permits the exercise of specific jurisdiction, the Court considers:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* "If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a 'compelling case' that the assertion of jurisdiction is not fair or reasonable." *Id.* (quoting *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018). In determining reasonableness, a court considers "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief," *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987), as well as "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

Further, a complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). And a party may move to dismiss a complaint that fails to meet this requirement. *See* FED. R. CIV. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And the Court "will not 'strain to find inferences favorable to the plaintiffs.'" *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (quoting *Westfall v. Miller*, 77 F.3d 868, 870 (5th Cir. 1996)).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In the instant case, Plaintiff is proceeding *pro se*. "While *pro se* complaints are held to less stringent standards than those drafted by a lawyer, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Bell v. State Prison Offs.*, No. 23-30339, 2024 WL 2863293, at *3 (5th Cir. June 6, 2024) (per curiam) (internal quotations and citations omitted).  To survive a motion to dismiss, a complaint, even one drafted by a *pro se*

6

plaintiff, must contain enough factual matter "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## III.   ANALYSIS

"As a general rule, when the court is confronted by a motion raising a combination of Rule 12(b) defenses, it will address the jurisdictional issues before considering whether a claim was stated by the complaint, although there is no requirement that jurisdictional issues be considered in a particular order." 5B Charles Alan Wright, Arthur R. Miller & Benjamin Spencer, Federal Practice and § 1351, at 244-46 (4th ed. 2024). Accordingly, the Court will first consider the personal jurisdiction of the Employee Defendants before considering the defendants' requests for dismissal for failure to state a claim.

### A.  Rule 12(b)(2) — Personal Jurisdiction

The Employee Defendants are entitled to dismissal because Plaintiff has failed to make a *prima facie* showing that they are subject to personal jurisdiction in Louisiana. Plaintiff did not allege that the Court has personal jurisdiction over each defendant individually, instead merely claiming that GM Financial is a citizen of Texas and that the Employee Defendants are its "Officers, Administrators, Employees, etc."[22] The Employee Defendants contend that this Court lacks personal jurisdiction over them because they are domiciled elsewhere and lack minimum contacts with Louisiana.[23]

---

[22] ECF No. 1 at 2.
[23] ECF No. 19-1 at 11-12.

Personal jurisdiction over a corporation does not thereby confer jurisdiction over an officer of that corporation. *Stuart*, 772 F.2d at 1197 ("The general rule is that jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation"). Nor does "an individual's transaction of business within the state solely as a corporate officer" create personal jurisdiction. *Id.* Therefore, if the Court is to have jurisdiction over the Employee Defendants, in addition to its undisputed personal jurisdiction over GM Financial, it must have personal jurisdiction over them individually.

Beginning with general jurisdiction: the Employee Defendants are not subject to general jurisdiction in Louisiana. A court has general jurisdiction over defendants whose contacts with the forum state are "continuous and systematic," regardless of whether the action is related to these contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 408 (1984). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). According to the uncontroverted affidavits submitted by each of the Employee Defendants, none of them resides in Louisiana, owns property in Louisiana, or has conducted business in Louisiana.[24] The Court does not have general jurisdiction over them.

Further, the Court does not have specific jurisdiction over the Employee Defendants. Plaintiff alleges that GM Financial breached the purported oral

---

[24] ECF No. 19-3 at 2; ECF No. 19-4 at 2; ECF No. 19-5 at 2. In assessing personal jurisdiction, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

agreement[25] but not that the Employee Defendants have minimum contacts with Louisiana or that the complaint arises out of the Employee Defendants' forum-related contacts. Indeed, Plaintiff fails to claim that the Employee Defendants had any contacts with this forum whatsoever, much less contacts beyond those as an officer of GM Financial. Plaintiff made no allegations that even suggest the Employee Defendants purposefully directed their activities at Louisiana, that they availed themselves of the benefits and protections of Louisiana's laws, or that this cause of action arises out of the Employee Defendants' forum-related contacts.[26]

Therefore, even "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff's complaint fails to show that the Employee Defendants are subject to personal jurisdiction in Louisiana. The Court does not have personal jurisdiction over the Employee Defendants and must grant their motion to dismiss.

## B. Rule 12(b)(6) – Failure to State a Claim

Even assuming that the Employee Defendants were subject to personal jurisdiction in Louisiana, Plaintiff's claims against all defendants must nevertheless be dismissed for the independent reason that Plaintiff fails to state a claim upon

---

[25] ECF No. 1 at 2.

[26] Defendant Susan Sheffield is GM Financial's President and CEO, ECF No. 19-3 at 2, and Defendant Richard Gokenbach is GM Financial's CFO, ECF No. 19-4 at 2. Both claim no involvement in the review and denial of Plaintiff's credit application. ECF No. 19-3 at 2; ECF No. 19-4 at 2. The name "Gabrielle Keys" is referenced on one of the alleged "contract" pages—the document showing GM Financial's decision to decline Plaintiff's credit application. ECF No. 1-2 at 8. According to the uncontroverted affidavit submitted by Defendant Keys, although her name is referenced on the credit denial paperwork, she did not personally review Plaintiff's credit application, did not direct anyone else's review of the credit application, and had no involvement in the decision to decline the credit application. ECF No. 19-5 at 3.

which relief may be granted. Plaintiff seeks to bring a claim for breach of contract.[27] In Louisiana, the elements of a cause of action for breach of contract are: "(1) the obligor's undertaking of an obligation to perform (the contract), (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *JMF Med., LLC v. Team Health, LLC*, 490 F. Supp. 3d 947, 973 (M.D. La. 2020) (citing *Denham Homes, L.L.C. v. Teche Federal Bank*, 14-1576, p. 17 (La. App. 1st Cir. 9/18/15), 182 So.3d 108, 118).

In assessing Defendants' supposed undertaking of an obligation to perform, Plaintiff's claim fails because the complaint and its attachments do not plausibly allege a contract between Plaintiff and GM Financial. "A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." LA CIV. CODE ANN. art. 1906 (2025). In order for a contract to be formed, it must be done via the "consent of the parties [as] established through offer and acceptance." LA CIV. CODE ANN. art. 1927 (2025). Here, the complaint fails to allege any facts that GM Financial agreed to be bound by contract to Plaintiff. The three pages Plaintiff calls a "contract" do not show an offer and acceptance between Plaintiff and Defendants.[28] On the contrary, the only reference to "GM Financial" is on the third page—a print-out showing GM Financial's decision to "Decline[]" Plaintiff's loan application because of Plaintiff's "Limited Credit."[29] Plaintiff's handwritten note on the same page "order[ing]" GM Financial to "discharge, set off, and settle the offer" is not proof of an

---

[27] ECF No. 1 at 2.
[28] ECF No. 1-2 at 6–8.
[29] *Id.* at 8.

agreement with GM Financial.[30] The handwritten notes appear to have been authored by Plaintiff, at a time unknown, and signed by Plaintiff, with no signature by any GM Financial representative. In short, nothing in the three alleged "contract" pages plausibly suggests a contract between Plaintiff and GM Financial.

Despite calling these pages a "contract" in his complaint,[31] Plaintiff nonetheless attempts to clarify in his briefing on the motions to dismiss that his agreement with GM Financial—the one he claims was breached—had been consummated orally.[32] That is, Plaintiff's claim is that GM Financial agreed orally, not in writing, to finance Plaintiff's purchase of an automobile, but then breached the oral agreement when it ran Plaintiff's credit and ultimately declined his loan application.[33]

Even evaluated as an oral agreement, Plaintiff's claim likewise falters. Under Louisiana law, "[a]n oral contract valued at more than $500 must be proved by at least one credible witness and other corroborating circumstances." *Nola Fine Art, Inc. v. Ducks Unlimited, Inc.*, 88 F. Supp. 3d 602, 608 (E.D. La. 2015) (citation modified) (citing LA CIV. CODE ANN. art. 1846 (2025)). "Although '[t]he plaintiff himself may serve as the witness to establish the existence of the oral contract,' the 'corroborating circumstances' must come from a source other than the plaintiff." *Id.* (quoting *Suire v. Lafayette City-Par. Consol. Gov't*, 2004-1459, p. 29 (La. 4/12/05), 907 So. 2d 37, 58).

---

[30] *Id.*
[31] ECF No. 1 at 2.
[32] ECF Nos. 21 and 22.
[33] ECF No. 21 at 2.

Here, where the agreement at issue is valued at over $100,000, Plaintiff provides only his own assertions, alleging no independent witnesses or circumstances affirming the existence of the oral agreement. He offers only a "contract,"[34] handwritten on the order form and credit denial and signed by him alone, and his own "affidavits"[35] that are not notarized. With the plaintiff serving as his own witness, the failure to allege other corroborating circumstances supporting his claims proves fatal under Louisiana Civil Code Article 1846. *See Kilpatrick v. Kilpatrick*, 27,241, p. 5-6 (La. App. 2 Cir. 8/23/95), 660 So. 2d 182, 186 (finding that the plaintiff "failed to show corroboration of even a general nature" because the evidence provided "resulted solely from [the plaintiff's] own actions" and did not speak to the defendant's obligations). *See also Suire*, 907 So. 2d at 58 (finding that the plaintiff's "fail[ure] to offer even general corroborating proof" was insufficient "to establish the existence of or breach of an oral contract."); *First Bank & Tr. v. Treme*, 13-168, p. 12 (La. App. 5 Cir. 10/30/13), 129 So. 3d 605, 612 (finding that the plaintiff failed to prove the existence of a contract because a third party's imprecise affidavit lacking detail about the alleged contract was insufficient corroborating evidence). Accordingly, the absence of any allegations of the independent corroboration of the oral contract renders Plaintiff's complaint insufficient.[36]

---

[34] ECF No. 1-2 at 6-8.

[35] ECF No. 33-2.

[36] In its motions, Defendants argue the alleged oral agreement is a "settlement agreement" that is unenforceable unless it is reduced to writing and signed, citing *Jason v. Par. of Plaquemines*, No. CV 16-2728, 2017 WL 993152, at *3 (E.D. La. Mar. 15, 2017). ECF No. 10-2 at 8; ECF No. 19-1 at 9. That case dealt with the legal requirements of a "compromise," which is defined under Louisiana law as "a contract whereby the parties, through concessions made by one or more of them, *settle a dispute or an uncertainty concerning an obligation* or other legal relationship." LA. CIV. CODE ANN. art. 3071 (2025) (emphasis added). The requirement for "compromises" to be in writing arises in connection

Drawing all reasonable inferences in favor of the plaintiff, the complaint fails to allege that Defendants breached a valid contract between the parties. There is no plausible allegation in the complaint or evidence on the "contract" itself suggesting that either GM Financial or its agents executed an agreement with Plaintiff. In the absence of other corroborating circumstances confirming that GM Financial sought to enter the contract, the supposed contract is unenforceable. Without a valid contract, the Court does not reach the question of whether a breach occurred. Plaintiff fails to state a claim upon which relief may be granted, and the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

To the extent that Plaintiff asserts a breach of contract claim against the Employee Defendants in their capacity as employees of GM Financial, there is no basis on which Plaintiff could recover. "Louisiana courts have held that . . . personal liability cannot be imposed upon the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment." *Moore v. State Farm Mut. Auto. Ins. Co.*, 439 F. Supp. 2d 615, 620–21 (E.D. La. 2006) (citing *Laurents v. Louisiana Mobile Homes, Inc.*, 96-976, p. 13 (La. App. 3 Cir. 2/5/97), 689 So. 2d 536, 544). Even supposing that Plaintiff had sufficiently alleged a breach of contract claim against GM Financial, the Employee Defendants

---

with the settlement of lawsuits. *See, e.g., Jason*, 2017 WL 993152, at *3; *Brasseaux v. Allstate Ins. Co.*, 97-0526, p. 4 (La. App. 1 Cir. 4/8/98), 710 So. 2d 826, 828 ("A compromise is an agreement to adjust the differences of two or more persons by mutual consent for preventing or ending a lawsuit."); *Monterey Pipeline Co. v. DeJean*, 295 So. 2d 466, 469 (La. Ct. App. 1974) ("Art. 3071 states a compromise is agreement between two or more persons for preventing or putting an end to lawsuit."). It is not clear, however, that Article 3071 applies to other kinds of oral agreements, such as the one at issue here involving GM Financial's alleged agreement to finance Plaintiff's car purchase.

13

would not be personally liable for refusing to honor the purported agreement simply by virtue of their responsibilities as executives and a senior credit analyst.[37] *See id.* Further, "[a]bsent fraud, an officer or employee of a corporation is not liable for his employer's breach of contract." *Martin v. Wood*, No. 10–3595, 2011 WL 4550339, at *4 (E.D. La. Sept. 29, 2011) (citing *B–G & G Investors VI, LLC v. Thibaut HG Corp.*, 2008-0093, p. 6 (La. App. 4 Cir. 5/21/08), 985 So. 2d 837, 842). Here, Plaintiff seems to allege exactly this—not that the Employee Defendants committed fraud or were personally involved in breaching the contract, but rather that they are liable as employees of GM Financial. In failing to allege any personal involvement on the part of the Employee Defendants beyond simply listing their positions as employees, Plaintiff fails to state a claim against them upon which relief may be granted.

Even in liberally construing Plaintiff's filings, the Court is unable to infer an adequately-pled claim for breach of contract. Thus, Defendants are entitled to a dismissal of the complaint under Rule 12(b)(6).

## C. Leave to Amend

The Court finds that here, granting leave to amend the complaint would be futile, as an amended complaint would nevertheless fail to survive a Rule 12(b)(6) motion. When the period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Generally, . . . a *pro se* litigant should be offered an opportunity to amend his

---

[37] ECF No. 19-1 at 1-2.

14

complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). And "leave to amend should be liberally granted" if a *pro se* plaintiff "might be able to state a claim based on the underlying facts and circumstances." *Hernandez v. W. Texas Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023) (citing *Brewster*, 587 F.3d at 767–68). But a district court need not "grant a futile motion to amend, for instance, when 'the plaintiff has already pleaded his best case.'" *Id.* (quoting *Brewster*, 587 F.3d at 768).

Here, the interests of justice do not support granting leave to amend the complaint. Plaintiff's filings have not addressed the deficiencies identified in Defendants' motions to dismiss, failing to establish that the Employee Defendants are subject to personal jurisdiction in Louisiana or were personally liable for GM Financial's actions. Moreover, Plaintiff has failed to allege facts to support his claim that there was a binding written or oral contract between him and GM Financial— instead, seeking to advance the dubious claim that GM Financial entered into an oral agreement to finance Plaintiff's approximately $110,000 car purchase even before running Plaintiff's credit. Absent sufficient allegations of an oral or written agreement, which has not and could not be established, Plaintiff has no viable claim arising out of this occurrence. Because Plaintiff's amended pleading could not survive a subsequent motion to dismiss, and because such a pleading would be futile, the Court finds the interests of justice do not support granting leave to amend.

15

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[38] to dismiss by GM Financial for failure to state a claim and motion[39] to dismiss by the Employee Defendants for failure to state a claim and for lack of personal jurisdiction are **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's objections[40] to the Magistrate Judge's denial of his motion for leave to amend complaint and Plaintiff's motion[41] for reconsideration of this Court's order granting Defendants' motion to stay discovery are **DENIED AS MOOT**.

New Orleans, Louisiana, this 30th day of July, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[38] ECF No. 10.
[39] ECF No. 19.
[40] ECF No. 34.
[41] ECF No. 37.

16